[Central of Georgia Ry. Company v. Alabama & Florida R. R.]

there would have been no necessity for adding said last clause. When he added it, however, he intended to make it the expression of his last wish on the subject, and made the sections of the Code referred to, the sole guide as to his intention in making provision for his wife, and that any and all separate estate she might own at his death, including said insurances, should be taken account of. The chancellor so held, and further, that the value of his wife's separate estate was not fixed by him at $3,050, nor at any other sum, but that the value thereof, of whatever it may be, must be estimated in executing the will, at its actual value at the time of testator's death, including, also, the insurance money received by her. This decree we approve as being in accord with testator's intention.—*Billingslea v. Glenn*, 45 Ala. 540.

Affirmed.

# Central of Georgia Railway Company v. Alabama & Florida Railroad.

## *Condemnation Proceedings.*

1. *Condemnation proceedings; when appeal lies from probate court to Supreme Court.*—Under the provisions of the statute (Code, § 1717) in condemnation proceedings, an appeal will lie direct to the Supreme Court from an order of the probate court granting the application of one railroad company for a right to condemn a right of way across the tracks and right of way of another railroad company, if taken within thirty days and before the order of condemnation or the assessment of damages by the commissioners is entered, under section 1720 of the Code; but if the appeal is not sued out until after the report of the commissioners and the order of condemnation is entered, it will not be sustained, but on motion will be dismissed.

APPEAL from the Probate Court of Covington.

Heard before the Hon. J. M. ROBINSON.

The appellee, the Alabama & Florida Railroad, filed

its application in the probate court of Covington county to have a right of way condemned across the road of the Central of Georgia Railroad at a point in Andalusia. Upon the filing of the petition, a day was set for the hearing of the cause. On the hearing there was testimony offered by each party. After hearing all the evidence, the court rendered a decree in which it was "ordered, adjudged and decreed by the court that the application of the said Alabama & Florida Railroad be and the same is hereby granted." It is further ordered that "three certain named persons be appointed as commissioners to assess the damages and compensation to which the Central of Georgia Railway Company was entitled." This decree then further ordered that said commissioners should, within ten days from the date of their appointment, report to the court the amount of damage and compensation ascertained and assessed by them. It was further ordered in said decree that the defendant have thirty days within which to prepare and present a bill of exceptions. This decree was rendered on August 26, 1899. The bill of exceptions was presented and signed on September 23, 1899, and the appeal was taken by the Central of Georgia Railway Company on said date, by the giving of bond, etc. In this court the appellee made a motion to dismiss the appeal, upon the following ground: "Because the appeal is taken from a preliminary order of the court and not from any final judgment."

POWELL & ALBRITTON, for appellant, cited *Woodward Iron Co. v. Cabaniss*, 87 Ala. 328; *Postal Tel. Cable Co. v. A. G. S. R. R. Co.*, 92 Ala. 331; *M. & C. R. R. Co. v. Hopkins*, 108 Ala. 159; *M. & C. R. R. Co. v. B., S. & T. R. R. Co.*, 96 Ala. 571; *Yerby v. Cochrane*, 101 Ala. 541; *Anniston & Cin. R. R. Co. v. Jacksonville*, 82 Ala. 297.

J. M. FALKNER, HENRY OPP and RAY RUSHTON, *contra.*—The appeal in this case should have been dismissed.—Code, §§ 1717, 1720; *M. S. R. Co. v. Sayre*, 72 Ala. 443; *Woodward I. Co. v. Cabaniss*, 87 Ala. 328; *Pos. Tel. Cable Co. v. A. G. S. R. R. Co.*, 92 Ala. 331; *Ala. Mid. R. Co. v. Newton*, 94 Ala. 447.

TYSON, J.—In construing sections 1717 and 1720 of the Code, this court said in *Birmingham Railway & Electric Co. v. Birmingham Traction Co.,* 128 Ala. 110: "The right of appeal under section 1717 may be exercised at any time within the thirty days allowed, provided it is so exercised before any order is made on the report of the commissioners under section 1720 at which time the right of appeal under this latter statute arises." We have no disposition to depart from the principles declared in that case. Every question involved in the case was thoroughly considered, and what was there said, we now adhere to. The present appeal was not sued out until after the report of the commissioners and an order of condemnation was entered pursuant thereto by the probate court.—Code, § 1720. It, therefore, must be dismissed.